974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel R. De NARDO, Plaintiff-Appellant,
v.
MUNICIPALITY OF ANCHORAGE, et al.; Chester Chiara, et al.,
Defendants-Appellees.
 No. 91-36177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 31, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this civil rights case, appellant Daniel De Nardo appeals the district court's grant of summary judgment to the Municipality of Anchorage and the dismissal of De Nardo's claims against State of Alaska officials. De Nardo also challenges the district court's denial of his motion to compel the production of the correction officials' personnel records.
 
 
 3
 The district court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 4
 We review a district court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-41 (9th Cir.1989).
 
 
 5
 De Nardo was incarcerated in a jail that was owned by the Municipality of Anchorage, but leased to the State of Alaska. De Nardo sued the Municipality of Anchorage under section 1983. De Nardo presented no evidence of a municipality policy or custom that would deprive De Nardo of his constitutional rights. See Oklahoma City v. Tuttle, 471 U.S. 808, 829 (1985). The lease provides no evidence of such a policy or custom. Moreover, the lease cannot provide a basis for liability on a respondeat superior theory. Monnell v. New York Dep't of Social Serv., 436 U.S. 658, 691 (1978). The third amended complaint alleges no pendent state claims.
 
 
 6
 De Nardo filed his original complaint in December 1987. He subsequently amended his complaint three times. On June 28, 1991, the district court ordered De Nardo to provide proof of service of the most recent complaint or the case would be dismissed for lack of prosecution. De Nardo failed to provide the proof of service. On September 20, 1991, the district court therefore dismissed the complaint against the corrections officials.
 
 
 7
 We review the district court's decision to dismiss for failure to obey an order for an abuse of discretion. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 8
 Fed.R.Civ.P. 16(f) permits a district court to impose sanctions for violation of a pretrial order as provided in Fed.R.Civ.P. 37(b)(2)(C). Rule 37(b)(2)(C) provides for dismissal as a sanction. Rule 41(b) also enables a court to order dismissal for failure to comply with a court's order. The standards governing dismissal under both these rules are the same. Id. at 130. The district court must weigh the following five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 1. The Public's Interest
 
 9
 The public clearly had an interest in expediting this litigation. The case was not going to proceed until De Nardo complied with the order; and the case had languished in the court for four years.
 
 2. The Court's Need to Manage its Docket
 
 10
 De Nardo had filed a variety of pleadings with the court naming differing corrections officials. It was important for the court to know that all of the corrections officials had been served.
 
 3. The Risk of Prejudice to the Defendants
 
 11
 The court was not going to continue with this case until De Nardo responded to the order. Therefore, the longer De Nardo took to comply with the order, the longer it would take for this case to come to trial. Prolonging the time it would take to get to trial would clearly prejudice the defendants because the events underlying De Nardo's complaint occurred in 1986, and the defendant's memories of those events were likely to fade.
 
 
 12
 Moreover, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone, 833 F.2d at 131. De Nardo has failed to provide any excuse for his failure to obey the order.
 
 
 13
 4. Public Policy Regarding Disposition on the Merits
 
 
 14
 Public policy generally favors disposition of cases on the merits.
 
 5. Other Alternatives
 
 15
 Warning a plaintiff that failure to obey a court order will result in dismissal meets the "consideration of other alternatives" requirement. Here, the district court clearly warned De Nardo that if he did not comply with the order, the court would dismiss the case.
 
 
 16
 Considering all of these factors, we conclude that the district court did not abuse its discretion by dismissing the claims against the State of Alaska officials.
 
 
 17
 De Nardo's motion to compel production of documents was therefore moot.
 
 
 18
 The mandate will issue immediately and no petition for rehearing will be entertained.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3