978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theopolis ARMSTRONG, Plaintiff-Appellant,
v.
HIGH DESERT HOSPITAL; Roger Hughes; Los Angeles County;
County of Los Angeles, Department of Health
Services, Defendants-Appellees.
 No. 91-56343.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Oct. 30, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Theopolis Armstrong appeals pro se the district court's denial of his Federal Rule of Civil Procedure 60(b)(1) motion to reconsider dismissal of his action. The district court dismissed his action pursuant to Local Rule 7.9 for failure to file a timely opposition to defendants' motion to dismiss. We affirm.
 
 
 3
 District courts may dismiss for failure to comply with pretrial procedures mandated by local rules and court orders. Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). The court must consider the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the defendants, public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. Id. Although the district court did not expressly consider these factors, we may review the record independently to determine whether the court abused its discretion. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 4
 Armstrong has the burden of persuasion as to the reasonableness of his delay and the lack of prejudice to defendants. See Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir.1984). Under Local Rule 7.6, he was required to file and serve an opposition to defendants' motion to dismiss. He was aware of the hearing date, but did not seek an extension. He did not hire a new attorney until after the deadline had expired for filing an opposition. Neither he nor his attorney filed an opposition or appeared at the hearing.
 
 
 5
 Under Local Rule 7.9, a party who fails to file the required papers may be deemed to have consented to the motion. Armstrong cannot avoid dismissal by arguing that he is an innocent party who will be made to suffer for the errors of his attorney. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). Whether prejudice to defendants is sufficient to support a dismissal is judged in part with reference to the strength of Armstrong's excuse for the delay. See Malone, 833 F.2d at 131. We conclude that Armstrong's unjustified violation of the local rule prejudiced defendants. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (pro se plaintiffs are required to abide by court rules).
 
 
 6
 The record is silent whether the district court considered the availability of less drastic sanctions prior to dismissal. We have reasoned, however, that this requirement can be satisfied by adequate warning to the party. See Malone, 833 F.2d at 132. Although the court did not expressly warn Armstrong that he might suffer a dismissal, an express warning was unnecessary here because Armstrong was put on notice by defendants' motion to dismiss and he was given the opportunity to be heard. See is. at 133.
 
 
 7
 Although public policy favoring disposition on the merits weighs against dismissal, the public's interest in expeditious resolution of litigation and the court's interest in docket control support the district court's dismissal. Considering all of these factors, we conclude that the district court did not abuse its discretion in denying Armstrong's motion to reconsider the dismissal for failure to comply with a local rule.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3