990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Ray MCKEE, Plaintiff,
and
Don A. HERMAN, Plaintiff-Appellant,
v.
Booth GARDNER, et al., Defendants-Appellees.
 No. 92-36586.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Don A. Herman appeals the district court's dismissal without prejudice of this 42 U.S.C. § 1983 civil rights action brought by Herman and another Oregon state prisoner, Thomas McKee, challenging the conditions of confinement at the Washington Correction Center. We affirm.
 
 
 3
 Herman is the only plaintiff who signed the notice of appeal. A pro se plaintiff must sign the notice of appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). We therefore have jurisdiction only over Herman's appeal. The appeal is dismissed as to the other plaintiffs.
 
 
 4
 Herman argues that the district court erred in dismissing this action after the plaintiffs failed to comply with numerous court orders to file a more definite statement of their claims. A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b). We review the district court's dismissal of the complaint for an abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 5
 The district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). The district court is not required to make explicit findings in order to show that it has considered these factors. Ferdik, 963 F.2d at 1261. We may review the record independently to determine whether the district court has abused its discretion. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 6
 We hold that the district court's dismissal was not an abuse of discretion. Only the fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. Cf. Malone, 963 F.2d at 133 n. 2 (four factors heavily supporting dismissal outweigh one against dismissal). We are particularly persuaded by the district court's grant of numerous extensions for the plaintiffs to comply with its directive as well the court's warning that failure to comply will result in a recommended dismissal of the action. See Henderson, 779 F.2d at 1424 (warning satisfies "consideration of alternatives" factor).
 
 
 7
 Herman also argues that the district court erred in denying the plaintiffs' motion for appointment of counsel. We review for an abuse of discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Herman has failed to establish "exceptional circumstances" justifying the appointment of counsel. The district court therefore did not abuse its discretion. See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984) (holding that district court's should appoint counsel only in "exceptional circumstances").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3