991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Khairy AREF, Plaintiff-Appellant,
v.
John MARDER; Theodore Polich; Doug Purdy; Morris, Polich
& Purdy; Hufstedler, Kaus & Ettinger; Seth Hufstedler,
Otto Kaus; Warren Ettinger; Patricia Phillips; Pauline
Levy; James Natoli; Edward Ash; Lee Francis; John Fee;
William Carroll; Tiit Heinsoo; International Court of
Arbitration; Nest, Brudin & Smith; Norman Neste; Raymond
Stone; County of Los Angeles; Court of Appeals, Court of
Appeals of the State of California; State Bar of
California; Board of Governors of the State Bar of
California, Defendants-Appellees.
 Nos. 92-55838, 92-55890.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Khairy Aref appeals pro se the district court's Fed.R.Civ.P. 41(b) dismissal of his RICO and civil rights claims for failure to timely file a RICO statement. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review the district court's dismissal under Rule 41(b) for an abuse of discretion. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987)
 
 
 4
 * RICO Claims
 
 
 5
 Rule 41(b) provides that an action may be dismissed "for failure of the plaintiff ... to comply with these rules or any order of the court." Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Id. at 963 F.2d at 1260; Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).
 
 
 6
 Before dismissing an action for failure to comply with a court order, the district court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage it's docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831. "While there is no requirement that every conceivable sanction be examined, meaningful alternatives must be explored." Hamilton v. Neptune Orient Lines LTD. 811 F.2d 498, 500 (9th Cir.1987).
 
 
 7
 Here, on April 1, 1992, the district court ordered Aref to file a RICO statement within 20 days. On April 22, 1992 after the deadline had expired, Aref filed an ex parte application for an extension of time to file the RICO statement. The district court granted Aref an extension of time until May 10, 1992 to file the statement. On May 20, 1992, ten days after the extended deadline had expired the district court dismissed Aref's RICO claims with prejudice for failure to file a RICO statement as ordered by the court. Aref eventually submitted a RICO statement on May 29, 1992.
 
 
 8
 Although Aref submitted a RICO statement beyond the deadline imposed by the district court, there is no indication in the record that alternative sanctions were considered by the court. See Hamilton 811 F.2d at 500. Accordingly, dismissal under Rule 41(b) was improper, and we reverse and remand. See id.
 
 II
 Civil Rights Claims
 
 9
 Aref's civil right's claims against all of the defendant's were dismissed by the district court. On appeal, however, Aref does not raise the civil rights claims but instead limits his arguments to dismissal of the RICO claims. This court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." Miller v. Fairchild Industries, 794 F.2d 727 (9th Cir.1986). Accordingly, we decline to consider the district court's dismissal of Aref's civil rights claims.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3