Alphonso THOMPSON,
Plaintiff/Appellant,

v.

The HOUSING AUTHORITY OF the CITY OF LOS ANGELES, a public corporation, et al., Defendants/Appellees.

No. 84–6524.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 1985.

Decided Feb. 11, 1986.

Loyal A. Weaver, Los Angeles, Cal., for plaintiff/appellant.

James Louis Ferro, Anderson, McPharlin & Conners, Los Angeles, Cal., for defendants/appellees.

Before NELSON and BOOCHEVER, Circuit Judges, and SCHWARZER,* District Judge.

* Honorable William W Schwarzer, United States District Judge for the Northern District of Cali-

PER CURIAM.

Alphonso Thompson appeals from an order of dismissal with prejudice for failure to comply with the pretrial orders and rules of the district court. We find that the district judge did not abuse his discretion and therefore affirm.

Thompson brought this action under Title VII. He alleged that his termination by defendant Housing Authority of the City of Los Angeles on January 22, 1979, violated his civil rights. Initially he instituted administrative proceedings which were dismissed; that dismissal was affirmed by the state court. He then filed a complaint in the district court alleging a variety of claims. Defendants moved to dismiss. Thompson's opposition was filed late. The district court granted the motion, both because of Thompson's failure to comply with the rules and because of the res judicata effect of the state court order.

On appeal this court affirmed the dismissal with respect to all claims except the Title VII claim. In accordance with the mandate, Thompson on August 15, 1983, filed an amended complaint under Title VII. Defendants filed an answer on November 14, 1983.

On January 26, 1984, the district court issued its pretrial order, scheduling a pretrial conference for June 4, 1984. Pursuant to Local Rule 9.4, counsel met on April 24, 1984, to exchange certain information required by the Local Rules. It is not disputed that Thompson's counsel was not prepared to proceed as required. At Thompson's request the pretrial conference was continued to July 16, 1984, the court's order stating that "[n]o further continuances will be granted except for good cause shown, on noticed motion."

Under Local Rule 9.8.1, Thompson was required to prepare a pretrial conference order, submit it to opposing counsel and lodge it with the clerk of the court seven days before the conference. Thompson failed to comply with the rule. Instead, on

fornia, sitting by designation.

Friday, July 13, 1984, at 4:05 p.m., he delivered his proposed order to defendants' counsel for the pretrial conference scheduled for Monday. Counsel, finding the proposed order inadequate and having no time within which to attempt to arrive at an agreed order, declined to sign it.

At the conference on July 16, the court continued the pretrial conference to August 13, 1984, since no order had been lodged and the parties were not ready to proceed. The court specifically directed the parties to complete pretrial preparations and issued an order directing Thompson to show cause why the action should not be dismissed for failure to prepare for the pretrial conference.

At the pretrial conference on August 16, 1984, Thompson had not lodged a proposed pretrial conference order and was again not ready to proceed. The court extended the discovery cut-off to September 13, 1984, and continued the pretrial conference to October 15, 1985. He advised Thompson's counsel that "I will give you one more chance. . . . If you are not ready the next time, I will dismiss the case."

Prior to the October 15, 1984, pretrial conference, Thompson submitted a proposed pretrial conference order to defense counsel who, on account of inaccuracies, errors, and omissions, refused to sign it. Because the order was not signed by both counsel, the clerk refused to file or lodge it. At the conference, in response to the court's question, both counsel stated that they were not ready to proceed. The court then dismissed the action for failure to comply with the Local Rules, Fed.R.Civ.P. 16, and the court's order. In his order of dismissal, the district judge stated that he had "considered all of the alternative sanctions available and finds that no sanction short of dismissal is appropriate in these circumstances."[1]

## DISCUSSION

District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986); *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.1981) (per curiam); *Industrial Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970). We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders. *Buss v. Western Airlines, Inc.*, 738 F.2d 1053 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 968, 83 L.Ed.2d 972 (1985); *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328 (9th Cir.1981); *Transamerica Corporation v. Transamerica Bancgrowth Corp.*, 627 F.2d 963 (9th Cir.1980). However, because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson*, at 1423 and 1424; *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir.1983).

---

**1.** The district judge in his memorandum also relied on Thompson's failure to comply with Local Rule 9.8.1 by filing a "woefully inadequate" memorandum of contentions of law and of fact and on the fact that "no proposed pretrial conference order, signed by all counsel, was timely lodged under Local Rule 9.8.1 or at all." Inasmuch as we find adequate grounds for sustaining the district court, we need not consider the appropriateness of a dismissal with prejudice for technical deficiencies in a party's attempted compliance with local pretrial rules, *see McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976), including the failure of the clerk to file or lodge a proposed pretrial conference order because defendants' counsel declined to sign it.

We review such a dismissal for abuse of discretion. *Henderson v. Duncan, supra.* The record, illuminated by counsel's admissions at oral argument, establishes the following facts:

The court first scheduled a pretrial conference on January 26, 1984, to be held on June 4, 1984.

At Thompson's request, the conference was continued to July 16, 1984, then to August 13, 1984, and finally to October 15, 1984.

On none of those occasions was Thompson prepared to proceed with the conference, much less go to trial.

On three occasions, Thompson was warned that failure to be prepared would lead to dismissal of the action.

Although Thompson's counsel argues that he had not been able to complete discovery, he made no attempt to conduct discovery between March 1984, when he took the depositions of Housing Authority personnel, and the continued discovery cut-off on September 16, and sought no additional time from the court.

█ It is clear from this record that the district judge gave Thompson abundant opportunity and incentive to prepare for the pretrial conference and trial. The court's patience in granting continuances in this case indicates that it weighed the various factors required by *Henderson* before imposing the sanction of dismissal. In these circumstances we cannot say that the district judge abused his discretion in dismissing the action.

Thompson also appeals from the denial of his motion for relief under Rule 60(b)(1) and (6). Motions for relief under Fed.R. Civ.P. Rule 60(b) are addressed to the sound discretion of the trial court. *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971), *cert. denied,* 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972). *Accord, Hoptowit v. Spellman,* 753 F.2d 779, 783 (9th Cir.1985); *Savarese v. Edrick Transfer & Storage, Inc.,* 513 F.2d 140, 146 (9th Cir.1975). Accordingly, we review for abuse of discretion. *United States v. Russell,* 578 F.2d 806, 807 (9th Cir.1978); *Plotkin v. Pacific Tel. and Tel. Co.,* 688 F.2d 1291 (9th Cir. 1982).

█ The record before us reflects no evidence of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. Rule 60(b)(1), (6). To the contrary, the record reveals a long history of inexcusable delay and neglect on the part of plaintiff's counsel. In the circumstances of this case, the district judge acted within his discretion in denying relief under Rule 60(b)(1) and (6).

AFFIRMED.