959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James E. KIMSEY, Individually and on behalf of all other
persons similarly situated at the Northern Nevada
Correctional Center; Inmate Advisory Committee of the
Northern Nevada Correctional Center, Plaintiffs-Appellants,
v.
Richard BRYAN, et al., Defendants-Appellees.
 No. 90-15140.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James E. Kimsey, a Nevada state prisoner, appeals pro se the district court's order denying his motion to modify the district court's May 14, 1982 order and entry of an injunction against the defendants, Nevada state prison officials. We have jurisdiction under 28 U.S.C. § 1291, and we review for an abuse of discretion. See Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir.1986). We affirm.
 
 
 3
 Kimsey, as part of a class action suit, originally filed an action in the district court alleging that various conditions of confinement constituted cruel and unusual punishment. On May 14, 1982, the district court entered a judgment rejecting Kimsey's claims except for the claim of understaffing. The district court entered an injunction against the defendants on the issue of understaffing which required that the defendants meet minimal staffing requirements in units one, two, and three at the prison.
 
 
 4
 On December 11, 1989, Kimsey filed a motion pursuant to Fed.R.Civ.P. 60(a) challenging various conditions of confinement such as food, housing, clothing, and safety. Kimsey's motion sought a modification of the district court's May 14, 1982 judgment and the appointment of an expert witness, presumably to assess prison conditions. The district court denied the motion, holding that Kimsey alleged new facts regarding prison conditions, and thus should file a new action. The district court properly denied the Rule 60(a) motion because Kimsey did not allege clerical errors or "errors arising from oversight or omission" but instead raised new claims regarding prison conditions. See Fed.R.Civ.P. 60(a).
 
 
 5
 Moreover, to the extent Kimsey's motion could be construed as a motion under Rule 60(b)(1), 60(b)(2), or 60(b)(6), the district court properly denied it. See Fed.R.Civ.P. 60(b). The motion is untimely under section 60(b)(6) because it was not made within a reasonable time after the entry of judgment. See id. Kimsey's motion cannot be brought under sections 60(b)(1) or 60(b)(2) because these motions must be made within one year from the entry of the judgment. See id. Therefore, the district court did not abuse its discretion in denying Kimsey's post-judgment motion. See Thompson, 782 F.2d at 832.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kimsey's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3