967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel G. CHIA, Plaintiff-Appellant,
v.
Manuel LUJAN, Secretary of the Interior, Defendant-Appellee.
 No. 91-15987.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.
Decided June 17, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samuel G. Chia appeals pro se the denial of his Fed.R.Civ.P. 60(b)(3) motion for relief from the judgment in an earlier employment discrimination action and the dismissal of this second employment discrimination action as barred by res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the denial of a Rule 60(b) motion for an abuse of discretion. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986). The district court may relieve a party from a final judgment if the party establishes "fraud ..., misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). We review de novo the dismissal of an action for failure to state a claim. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 886 (9th Cir.1991). The doctrine of res judicata bars a subsequent action based on a cause of action that previously was or could have been litigated in an earlier action between the same parties. Montana v. United States, 440 U.S. 147, 153 (1979); Clark v. Yosemite Comm. Coll. Dist., 785 F.2d 781, 786 (9th Cir.1986).
 
 
 4
 In the earlier action, Chia claimed race discrimination under Title VII of the Civil Rights Act. See Chia v. Hodel, No. CV-85-6342-TEH (N.D.Cal. June 1, 1989) (order granting summary judgment). In opposing the Secretary's motion for summary judgment, Chia argued that the Secretary's employees had perjured themselves in proceedings before the Merit Systems Protection Board, and that the Secretary's motion was based on perjured materials. After the district court granted summary judgment in favor of the Secretary, Chia made similar arguments in a motion for reconsideration, which the district court denied. Chia appealed to this court, which found that it had jurisdiction to review only a later order denying Chia's post-judgment motion for disqualification of the district court judge, and affirmed. See Chia v. Stricklin, No. 87-15103, unpublished memorandum disposition (9th Cir.1989), cert. denied, 494 U.S. 1031 (1990).
 
 
 5
 On June 4, 1990, Chia filed a complaint and a Fed.R.Civ.P. 60(b)(3) motion alleging employment discrimination and fraud and perjury in connection with the earlier action. He later filed two amended complaints making similar allegations.
 
 
 6
 Chia did not present evidence that supported his allegations of fraud and perjury; accordingly, the district court did not abuse its discretion by denying the Rule 60(b)(3) motion. See Thompson, 782 F.2d at 832. In so far as Chia has filed a new action, he raises claims previously litigated in the earlier action; accordingly, the new action is barred by res judicata. See Montana, 440 U.S. at 153; Clark, 785 F.2d at 786.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3