972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jervonne MCMILLON, Plaintiff-Appellant,
v.
UNIVERSITY OF SOUTHERN CALIFORNIA, Defendant-Appellee.
 No. 91-55723.
 United States Court of Appeals, Ninth Circuit.
 Aug. 20, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 McMillon appeals the dismissal of her case based on the grant of summary judgment in defendant University of Southern California's favor and further appeals the district court's subsequent denial of reconsideration. We have jurisdiction only of the latter and affirm.
 
 I.
 
 3
 The district court entered summary judgment on March 19, 1991, and dismissed the case on April 3, 1991. Appellant's motion for reconsideration was not served upon the defendant until April 23, 1991, beyond the 10 day limit imposed by Fed.R.Civ.P. 59(e). McMillon's notice of appeal was not filed until June 17, 1991. Since the motion for reconsideration was untimely, it did not toll the 30 day time period for appealing the April 3 judgment.
 
 
 4
 In civil cases the notice of appeal must be filed within thirty days after entry of judgment. Fed.R.App.P. 4(a)(1). The time is tolled by a timely motion "under Rule 59 to alter or amend the judgment." Fed.R.App.P. 4(a)(4)(iii). Absent a timely motion for reconsideration, the notice of appeal had to be filed no later than May 3, 1991. Although McMillon filed her motion on March 28, 1991, within ten days after the summary judgment, she did not serve it until April 23. Rule 59(e) requires that any motion to modify judgment must be served no later than ten days after entry of the judgment. Whether we time her service from March 19 or April 3, she was late. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir.1984). Accordingly, there was no tolling of the time to file the notice of appeal. We find no unique circumstances that warrant our asserting jurisdiction.
 
 II.
 
 5
 Although the motion for reconsideration was untimely under Rule 59, we may construe the motion as one based on Fed.R.Civ.P. 60(b)(1) or 60(b)(6). See Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir.1989). Rule 60(b)(1) authorizes the alteration of judgment based on "mistake, inadvertence, or excusable neglect"; 60(b)(6) allows alterations for "any other reason justifying relief from the judgment." We review only for abuse of discretion.
 
 
 6
 The record before us does not reflect any evidence of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. Rule 60(b)(1), (6). "To the contrary, the record reveals a long history of inexcusable delay and neglect on the part of plaintiff's counsel. In the circumstances of this case, the district judge acted within his discretion in denying relief under Rule 60(b)(1) and (6)." Thompson v. Housing Auth. of the City of Los Angeles, 782 F.2d 829, 832, (9th Cir.) cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3