990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy Jackson WHITEHEAD, Plaintiff-Appellant,
v.
Theodore JOLLEY; Edward Sparks, DDS, Defendants-Appellees.
 No. 92-16810.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Jackson Whitehead, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action, alleging that prison officials were deliberately indifferent to his serious dental needs. The district court dismissed Whitehead's action under Fed.R.Civ.P. 37 as a sanction for his refusal to obey the court's direct order to submit to the defendants' deposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's dismissal under Rule 37 for an abuse of discretion. Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985).
 
 
 4
 If a party fails to comply with a pretrial discovery order of the court, the court is authorized to dismiss the action or proceeding. Fed.R.Civ.P. 37(b)(2)(C); see Hall v. Johnston, 758 F.2d 421, 424 (1985). "Rule 37 sanctions are intended to punish evasion of pretrial discovery." Wanderer v. Johnston, 910 F.2d 652, 655 (9th Cir.1990). Although district courts have considerable discretion to impose Rule 37 sanctions, "[w]here the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." Fjelstad 762 F.2d at 1337.
 
 
 5
 Before dismissing an action for failure to comply with a court order, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage it's docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986), cert. denied 111 S.Ct. 1019 (1991). "Where a court order is violated, the first two factors support sanctions and the fourth factor cut's against a default." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990).
 
 
 6
 Here, on June 23, 1992, the district court entered an order permitting defendants to take Whitehead's deposition at the prison. On July 16, 1992, the date the deposition was scheduled to take place, Whitehead informed the defendants' attorney that he would not participate in the deposition and was invoking his right's under Fed.R.Civ.P. 30(d) to not participate in the deposition.
 
 
 7
 In a telephonic conference, the district court questioned Whitehead on the record as to why he refused to participate in the court ordered deposition. The court found that Whitehead failed to articulate any reason to indicate that the deposition was to be conducted for an impermissible purpose. The court concluded that Whitehead was to submit to the deposition or face sanctions, including dismissal. Upon Whitehead's subsequent refusal to participate in the deposition, the court dismissed Whitehead's action, finding that the defendants would be severely prejudiced if they were not permitted to depose Whitehead and that alternative sanctions would be inadequate in this case.
 
 
 8
 The district court explained to Whitehead the consequences of his failure to comply with the court ordered deposition and also considered alternative sanctions before dismissing his action. The record shows that Whitehead presented no evidence to support his refusal to participate in the court ordered deposition. See Wanderer, 910 F.2d at 656. Accordingly, the district court did not abuse it's discretion by dismissing Whitehead's action for his failure to comply with the court ordered deposition. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3