993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
G. Donald MASSEY, Plaintiff-Appellant,
v.
Josephine COUNTY; Tony Corriea; Jim Fanning; Gene Farmer;
et. al., Defendants-Appellees.
 No. 90-35257.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 6, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 G. Donald Massey appeals pro se the district court's dismissal of his civil rights action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review for abuse of discretion a district court's dismissal of an action under Rule 41(b). West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). Under Rule 41(b), a district court may dismiss an action for failure to prosecute or failure to comply with a court order. See Fed.R.Civ.P. 41(b); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). In determining whether to dismiss an action for failure to prosecute or failure to comply with a court order, the district court is required to weigh five factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Id. (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986)). If the district court does not explicitly weigh these factors, we review the record independently to determine whether dismissal was an abuse of discretion. Malone, 833 F.2d at 130.
 
 
 4
 Massey filed this action in 1987 naming Josephine County (County) and numerous private individuals as defendants and seeking to enjoin a state court action against him. The district court dismissed the action for failure to state a claim and Massey appealed. This court affirmed the dismissal of the individual defendants but reversed the dismissal of County and remanded for further proceedings. On remand, the district court issued an order setting a status conference for October 23, 1989 and requiring personal appearance. Massey requested a telephone conference or, in the alternative, a continuance. The district court granted Massey's motion for a continuance and reset the status conference for November 27, 1989. The district court then issued an order continuing the status conference until December 4, 1989. Massey applied for another continuance but the district court denied his request and ordered him to appear personally at the December 4th status conference. On December 4, Massey failed to appear. The district court therefore ordered Massey to show cause why his action should not be dismissed for failure to prosecute. The court set a hearing for December 18, 1989 and required Massey to appear personally. On December 11, 1989, Massey filed a motion to stay proceedings and for an injunction. When Massey failed to appear at the hearing on December 18, the district court denied Massey's motion for stay and for an injunction and dismissed his action for failure to prosecute.
 
 
 5
 Under these circumstances, the district court did not abuse its discretion by dismissing Massey's action. The district court continued the status conference twice, yet Massey still refused to appear as ordered. Massey's deliberate and willful violation of the court's order impeded resolution of the action and interfered with the court's management of its docket. See id. Further, County was prejudiced in that counsel for County appeared at both the December 4th and December 18th hearings. See id.
 
 
 6
 Massey contends the district court erred by failing to explore less drastic alternatives.[1] The district court explicitly warned Massey, however, that it was considering dismissal of his action. See id. at 132 (a warning that failure to obey a court order will result in dismissal can suffice to meet the consideration of alternatives requirement). Despite this warning, Massey refused to appear at the December 18th hearing. Thus, although the public policy favoring dispositions on the merits weighs against dismissal, our review of the relevant factors satisfies us that dismissal was not an abuse of discretion.[2] See id. at 130.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Massey also contends the dismissal of his action violates due process and equal protection. This contention is frivolous. District courts clearly have the authority to dismiss an action under Rule 41(b), and Massey has made no showing of any constitutional violation in the court's disposition of his action
 Massey's only other arguments on appeal concern the merits of this action and of his previous state court action. Because the only issue on appeal is the district court's Rule 41(b) dismissal, we do not address these arguments.
 
 
 [2]
 Because we find that the district court correctly dismissed Massey's action, we also affirm the district court's denial of Massey's motion to stay and for an injunction