34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Heulon L. PERRIN, Jr., Plaintiff-Appellant,
v.
FIRST INTERSTATE; and Gene Wagner, Defendants-Appellees.
 No. 94-35171.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Heulon L. Perrin, Jr., appeals pro se the district court's dismissal under Fed.R.Civ.P. 41(b) of his action against defendants under the Equal Credit Opportunity Act, 15 U.S.C. Sec. 1691. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Perrin contends that the magistrate judge[1] erred by dismissing his action after Perrin failed to comply with the court's pretrial order. We disagree.
 
 
 4
 This court reviews for abuse of discretion a district court's dismissal of a case under Rule 41(b). Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). A dismissal sanction will be overturned if "we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id.
 
 
 5
 Under Rule 41(b), a district court can order dismissal where the plaintiff fails to comply with a court order. The district court weighs five factors in deciding to dismiss for failure to comply with an "order: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Id. (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). The district court does not need to make explicit findings on each of these factors provided the record indicates the court did not abuse its discretion. Id.
 
 
 6
 After Perrin failed to appear at a preliminary pretrial conference held on December 20, 1993, the magistrate judge issued an order (1) continuing the pretrial conference until January 18, 1994, and (2) requiring Perrin to file his preliminary pretrial and pre-discovery disclosure statements by January 10, 1994. The magistrate judge cautioned Perrin that failure to attend the conference or to file the statements would result in dismissal of his action under Rule 41(b). After the scheduled time for the conference, the court received a letter from Perrin stating he could not attend due to an unrelated worker's compensation matter.
 
 
 7
 Our evaluation of the dismissal factors indicates that the magistrate judge's decision was not an abuse of discretion. See id. First, the public's interest in expedition litigation and the court' interest in docket control support the magistrate judge's action. See id. at 131. The court already provided Perrin an extension of time to file his statements and a continuance of the earlier conference date. Moreover, the court delayed its January 18, 1994 calendar for twenty minutes waiting for Perrin to appear. Second, the defendants were prejudiced by Perrin's noncompliance with the court order as they attended the two scheduled conferences that Perrin missed and filed the requisite statements. See id. Finally, with respect to the consideration of alternative sanctions, the court granted Perrin an extension of deadlines and a continuance and warned him that failure to comply with the order would result in dismissal under Rule 41(b). See id. at 131-32. In light of these considerations, the magistrate judge did not err by dismissing Perrin's action for violation of the court's order. See id. at 133.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Upon consent of the parties, this case was assigned by the district court to a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)(1)