39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Khairy AREF, Dr.; Hilda Hertel; Shereef Aref; William
Bigelson; Steven Hertel; Yasser Aref; Stuart
Hertel; Stanley Hertel, Plaintiffs-Appellants,
v.
John MARDER; James Natoli; Richard Nakamura; Robert
Wolfe; Douglas Collodel; Bret Carter; Charles Hart;
Thomas Watters; Victor Daniels; Mohamed Kamel; John
Bentley; Mohammed Sakr; Mohamed Elabd; William Beirne;
Law Firm of Kamel; Superior Court of the State of
California for the County of Los Angeles; International
Chamber of Commerce; Hufstedler, Kaus & Ettinger, et al.;
Norman Neste; Charles Crandall, Defendants-Appellees.
 No. 94-55428.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants appeal pro se the dismissal with prejudice of their amended complaint. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Khairy Aref filed his initial complaint in October 1991. He filed his first amended complaint in November, and four months later, in March 1992 he filed a verified second amended complaint. In June 1992 the court dismissed his complaint with prejudice for failure to timely file a RICO statement. He appealed. In August 1992, the court declared him a vexatious litigant. We upheld that declaration. Khairy Aref v. Marder, No. 93-55470, 1994 U.S.App. 233, at * 1 (9th Cir. Jan. 6, 1994).
 
 
 4
 But in April 1993 we reversed the dismissal of his RICO claims because the court failed to consider less severe sanctions. We declined to rule on his civil rights claims because he had not raised them on appeal. Khairy Aref v. Marder, Nos. 92-55838, 92-55890, 1994 U.S.App. 8270, at * 1 (9th Cir. Apr. 15, 1993). The court then dismissed Aref's second amended complaint without prejudice for failure to adequately plead or state a cause of action. It granted him 45 days to file and serve a third amended complaint. The order was filed on October 27, 1993, and entered by the clerk of the court on November 1, 1993. On December 16, 1993, he filed and allegedly served his third amended complaint, adding seven new plaintiffs, 17 new defendants and numerous new claims. The district court dismissed this complaint with prejudice because Aref failed to obtain the court's permission to add parties, violated the court's vexatious litigant order and missed the 45 day filing deadline.[1]
 
 
 5
 We review for abuse of discretion a dismissal with prejudice for failure to comply with court orders and rules. Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). When ordering a dismissal, the district court must weigh these factors: (1) the public's interest in expeditious resolution to litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic measures. Id. We may review the record independently to determine if these factors were fairly considered. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986).
 
 
 6
 The court did not abuse its discretion in dismissing Aref's complaint. Aref violated Fed.R.Civ.P. 15 and 21 when he added parties to his third amended complaint without obtaining permission from the court. He also violated the court's "vexatious litigant" order, which prohibited him or those under his control from filing an action without first obtaining the court's permission. As the court reasoned, the excessive number of new parties and claims was tantamount to a new action. Nor did he comply with the court order requiring him to refile within 45 days. Unlike final judgments, which are effective on the date of entry by the court clerk, district court orders are effective when filed. See In Re San Joaquin Roast Beef, 7 F.3d 1413, 1416-17 (9th Cir.1993) (statute of limitations runs from time judge signs and files a court order). Aref could not rely on the court clerk's alleged advice to the contrary. Id. at 1418.
 
 
 7
 The record reflects that the district court fairly considered all relevant factors when it dismissed the complaint. Aref has a well documented history of vexatiousness in both the state and federal judicial systems. See O'Brien v. Sinatra, 315 F.2d 637 (9th Cir.1963) (dismissal with prejudice is proper when there is a history of vexatious behavior). There can be no doubt that Aref has "had his day in court." Id. at 642. And we will not allow him to escape the consequences of his abusive tactics by adding new parties. He has burdened the court and the defendants with his dilatory actions. The court has given him several opportunities to properly state a cause of action, which he has failed to do. Prior sanctions and warnings apparently have had no effect. Dismissal with prejudice was fully warranted.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The parties whom Aref added on his third amended complaint have filed briefs. He has not