46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie E. CARTER, Plaintiff-Appellant,
v.
R. BUIE, et al., Defendants-Appellees.
 No. 94-16654.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Leslie Carter appeals pro se the district court's order dismissing as a sanction for violation of Fed. R. Civ. P. 11 Carter's 42 U.S.C. Sec. 1983 action alleging that his right of access to the courts and his right to a personal appearance before the state Board of Control were violated by prison officials' loss of some of his personal property and 300 pages of the transcript of Carter's criminal trial.
 
 
 3
 On March 9, 1994, the magistrate judge issued an order directing Carter to show cause why he had not violated Rule 11(b) and why sanctions, including dismissal, should not be entered against him due to what appeared to be numerous misrepresentations regarding Carter's access to the prison library and legal services. The magistrate judge cited in the order to show cause several instances in which Carter appeared to have made factual misrepresentations, either by outright misstatement or by omission of facts, in Carter's two requests for injunctive relief to gain access to the prison library and legal services.
 
 
 4
 Carter requested an extension of time to respond to the order to show cause and sought the production of certain documents from the defendants. He did not respond to the substance of the order to show cause. The magistrate judge issues findings and recommended that the action be dismissed with prejudice as a sanction for Carter's misrepresentations to the court. The magistrate judge noted that Carter had failed to respond to the order to show cause even though the information regarding the dates he went to the library or received legal services was within Carter's personal knowledge. The district judge adopted the findings and recommendations and ordered the case dismissed with prejudice.
 
 
 5
 We review for abuse of discretion the imposition of sanctions pursuant to Rule 11. Cooter & Gell v. Hartmarz, 496 U.S. 384 (1990). Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986), sets forth the criteria to consider in deciding whether to dismiss an action as a sanction. The district court must consider:
 
 
 6
 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
 
 
 7
 Here, the district court thoroughly considered each of these factors and set forth its reasoning fully. We conclude that the district court did not abuse its discretion in dismissing Carter's action as a sanction pursuant to Rule 11 for the reasons set forth in the magistrate judge's Findings and Recommendations.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3