46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mildred Louise BLAS, as Personal Representative of the
Estate of John Marvin Blas, on her own behalf, and
as Guardian for the Minor, Marvin John
Borja, Plaintiff-Appellant,
v.
GOVERNMENT OF GUAM, Defendant,
and
Jose T. Charfauros, Individually and as Director of the
Department of Corrections; Frederick B. Quinene,
Individually and as Deputy Director of the Department of
Corrections; Vicente Castro, Individually and as
Superintendent of the Department of Corrections, Government
of Guam, Defendants-Appellees.
 No. 93-16947.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 3, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mildred Louise Blas, as representative of the estate of John Blas, on her own behalf, and as guardian for Marvin Bojra, appeals the district court's sua sponte dismissal of her 42 U.S.C. Sec. 1983 action for failure to prosecute and failure to comply with a court order. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 1294(4), and we affirm.
 
 
 3
 * Background
 
 
 4
 On May 20, 1986, Blas filed this 42 U.S.C. Sec. 1983 action alleging that the defendant prison officials had failed to adequately protect her son, John Blas, from harm while he was in their custody. John Blas was murdered by another inmate while in prison. The action was dismissed in 1987, but reinstated on remand from the Ninth Circuit as to three individual defendants Charfauros, Quinene, and Castro acting in their individual capacity. Following reinstatement, the case was stayed pending the outcome of a related wrongful death action filed by Blas in the Superior Court of Guam.
 
 
 5
 The superior court case was eventually dismissed and Blas appealed to the Ninth Circuit. On March 15, 1991, while the superior court case was pending on appeal, the district court issued another stay pending the outcome of appeal. The order required the parties to "notify the court in writing immediately upon receipt of the issuance of an Opinion by the Ninth Circuit in the corollary [superior court] case."
 
 
 6
 On July 31, 1991, we issued our opinion in the superior court case, dismissing the case for failure to file a timely notice of appeal. See Blas v. Guam, 941 F.2d 778 (9th Cir. 1991), cert. denied, 112 S. Ct. 1295 (1992). Neither party informed the district court of our decision. Blas filed a petition for certiorari with the Supreme Court, which was denied in March of 1992. The clerk of Supreme Court notified Blas's attorney of the decision by letter dated March 9, 1992. Blas failed to notify the district court of the Supreme Court's denial of certiorari.
 
 
 7
 In March of 1993, defendant Charfauros died. He was the Director of the Department of Correction at the time of the alleged civil rights violation occurred. As such, he had supervised both of the remaining defendants. Neither Charfauros nor any another potential witnesses were ever deposed.
 
 
 8
 In August of 1993, the court sua sponte issued an order to show cause why the action should not be dismissed for failure to comply with the court's March 15, 1991 order. Both sides briefed the issue and a hearing was held. On September 15, 1993, the district court dismissed the action for failure to prosecute. Blas timely appeals.
 
 II
 Analysis
 A. Standard of Review
 
 9
 We review the district court's dismissal for failure to prosecute for an abuse of discretion. Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 14451 (9th Cir. 1994); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Under this standard, a trial court's decision should not be overturned "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." In re Eisen, 31 F.3d at 1451.
 
 B. Failure to Prosecute
 
 10
 "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case."' Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). In addition, Fed. R. Civ. P. 41(b) provides for the involuntary dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with ... any order of the court." Dismissal, however, is a harsh penalty and should only be imposed in extreme circumstances. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990).
 
 
 11
 In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d at 1451; Thompson, 782 F.2d at 831. The district court need not make explicit findings in order to show that it has considered these factors, but if it does not, we will review the record independently to determine if the court abused its discretion. In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1261.
 
 1. Expeditious Resolution of Litigation
 
 12
 Blas's attorney argued before the district court and on appeal that the delay was reasonable based on his mistaken belief that he did not need to inform the court of this court's decision in the superior court case because he had sought Supreme Court review of that decision. In addition, he believed that he did not need to inform the court when he learned certiorari had been denied because he only received a letter from the clerk of the Supreme Court rather than a copy of the order denying certiorari. The district court did not abuse its discretion by rejecting these contentions. See In re Eisen, 31 F.3d at 1451-52. The district court's order clearly required Blas to inform the court "immediately upon the issuance of an Opinion by the Ninth Circuit."[1] Moreover, almost a year and a half elapsed between the time Blas learned that certiorari had been denied and the district court issued the an order to show cause. Given these circumstances, the district court did not abuse its discretion by finding "unreasonable delay" by Blas. See id.
 
 
 13
 2. Court's Need to Manage its Docket.
 
 
 14
 Here, the delay cause by Blas's failure to notify the court could reasonably impede the court's ability to manage its docket and supports the court's dismissal. See id. at 1452.
 
 3. Prejudice to the Defendants
 
 15
 Defendant Charfauros died during the delay. The prejudice to Blas's claim against him is obvious. Moreover, because of his supervisory role over the two remaining defendants, we cannot say that their claims of prejudice resulting from his death "are either illusory or relatively insignificant when compared to the force of [the plaintiffs] excuse." See id. at 1453 (quotations omitted). Accordingly, district court did not abuse its discretion by finding that the defendants had been prejudiced by the delay. See id. at 1453-54.
 
 4. Disposition of Case on its Merits
 
 16
 This factor weighs in favor of Blas. Nevertheless when weighed against the delay and prejudice to the defendants, it does not provide a basis for finding that the district court abused its discretion. See id. at 1454 ("court weighs this factor against the plaintiff's delay and the prejudice suffered by the defendant").
 
 5. Availability of Less Drastic Sanctions
 
 17
 Given the prejudice to the defendants from the delay and from Charfauros's death, the district court did not abuse its discretion by concluding that dismissal was the appropriate sanction. See id. at 1454-55.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Blas's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Blas argues that the order required that notice was to be given by the "parties" and that the defendants are also culpable for not complying with the court's order
 We agree that by the terms of the order, the defendants should have informed the court of the status of the superior court case. Nevertheless, as the district court observed, "they were not interested in pursuing the case." Moreover, counsel for the defendants did contact Blas's attorney in January of 1993 to inquire of the status of the case. Counsel for the defendants reminded the plaintiff of the district court's order and specifically told Blas's attorney that they were not going to pursue the action. Given these circumstances and the respective roles of the plaintiff and the defendant in this type of action, the district court did not err by finding that the failure of the defendants' counsel to keep the court informed did not excuse Blas.