119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ben KALKA, Petitioner-Appellant,
v.
Mark A. HENRY, Warden, Terminal Island, and Employees of the
Federal Bureau of Prisons, Respondent-Appellee.
 No. 96-55049.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-04706-ABC(SH); Robert J. Kelleher, District Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ben Kalka, a Federal prisoner, appeals pro se the district court's dismissal of his Bivens[1] action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1991), and we affirm.
 
 
 3
 On July 17, 1995, Kalka filed a complaint alleging that policies at FCI-Terminal Island violated his right of access to the courts. On July 24, 1995, the magistrate judge ordered the complaint dismissed as frivolous with leave to amend to allege facts establishing an actual injury. The magistrate judge notified Kalka that failure to file an amended complaint would result in dismissal of the complaint with prejudice. On August 28, 1995, Kalka filed objections to the magistrate judge's order. On that same date, the magistrate judge filed a report and recommendation that the action be dismissed because Kalka had not filed an amended complaint. On September 6, 1995, Kalka filed a motion for extension of time to file objections to the magistrate judge's report and recommendation which was granted by the district court. On October 3, 1995, Kalka filed his objections and on November 1, 1995, the magistrate judge filed an amended report and recommendation that the action be dismissed because Kalka still had not filed an amended complaint. On November 17, 1995, the district court filed an order adopting the amended report and recommendation.
 
 
 4
 In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
 
 
 5
 Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.1986) (per curiam)).
 
 
 6
 Here, Kalka was provided with an explanation of his complaint's deficiencies and given an opportunity to amend. Kalka was warned that his failure to file an amended complaint would lead to dismissal of his complaint. Accordingly, the district court did not abuse its discretion by dismissing Kalka's action for failure to comply with a court order. See id. at 1261-62.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal