**Floyd Dewaine SCOTT, Plaintiff— Appellant,**

v.

**J. BELMARES; et al., Defendants— Appellees.**

**No. 08–56192.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Floyd Dewaine Scott, Delano, CA, pro se.

Amber A. Logan, Esquire, David K. Nelson, Esquire, Nelson & Fulton, Los Angeles, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Floyd Dewaine Scott appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action for failure to prosecute and failure to comply with court orders. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Yourish v. Cal. Amplifier,* 191 F.3d 983, 986 (9th Cir.1999), and we affirm.

Between January 2007 and March 2008, Scott failed to respond to defendants' discovery requests, as ordered by the court, and failed to inform the court of his change of address, as required by Central District Local Rule 41–6. He also failed to respond to defendants' meet-and-confer letter, a joint discovery stipulation, defendants' motion to compel discovery responses, and defendants' motion for terminating sanctions. Scott's contention that he requested a stay is not supported by the record and, even if he had requested a stay, Scott would not have been justified in assuming that the request had been granted or failing to keep the court apprised of his current address. The court, therefore, did not abuse its discretion by dismissing the action. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal.' ")

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(quoting *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir.1986)).

**AFFIRMED.**