**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY WIGGINS, | No. 18-55529 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-08309-PSG-FFM |
| v. | |
| UNITED STATES GOVERNMENT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Randy Wiggins appeals pro se from the district court's order dismissing his

Federal Tort Claims Act action.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion a district court's dismissal under its local rules.

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  We vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court dismissed Wiggins's action sua sponte because Wiggins failed to oppose defendant's motion to dismiss. However, Wiggins's application for default judgment was pending at the time of the dismissal, and the record does not indicate that the district court warned Wiggins that failure to oppose the motion to dismiss would result in dismissal, or considered less drastic alternatives to dismissal. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); *Thompson v. Housing Auth.*, 782 F.2d 829, 831-32 (9th Cir. 1986) (stating that dismissal is a "severe remedy," and affirming dismissal where district court had given plaintiff abundant opportunity to comply with its orders and local rules). We therefore vacate the district court's order sua sponte dismissing this action and remand for further proceedings consistent with this disposition.

Wiggins's motion for summary reversal and to expedite the case is denied as moot.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**

18-55529