**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA MARIE SNYDER, an individual, | No.    21-15350 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-04228-KAW |
| v. | |
| BANK OF AMERICA, N.A., a national association; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted February 3, 2023**
San Francisco, California

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pamela Marie Snyder appeals pro se from the district court's dismissal of her action pursuant to Federal Rules of Civil Procedure 16(f) and 41(b). We review dismissal pursuant to those Rules for an abuse of discretion, *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999), and we affirm.

The district court weighed the five criteria governing dismissals under both Rules and held that those criteria were in favor of dismissal. *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); *Malone v. U.S. Postal Serv.*, 883 F.2d 128, 130 (9th Cir. 1987). The district court found that Snyder failed to comply with deadlines that were repeatedly extended at her request, that defendants had been prejudiced by having to prepare multiple times for trial due to continuances, and that less drastic alternative remedies were not feasible given Snyder's previous conduct in the litigation. This analysis and the ultimate dismissal of the action were not an abuse of discretion.

The other interlocutory orders that Snyder identifies in her notice of appeal are not appealable. *Al-Tork v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("Interlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or a result of negligence or mistake.").

The motion to file a supplemental brief (Docket No. 39) is GRANTED.

**AFFIRMED.**

2