28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Camilo MONTOYA, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.
 No. 92-56567.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 10, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Camilo Montoya, a federal prisoner, appeals pro se the district court's sua sponte dismissal of his action for failure to prosecute. In his petition for a writ of mandamus, Montoya sought to compel the Immigration and Naturalization Service (INS) to hold an expedited deportation proceeding pursuant to 8 U.S.C. Sec. 1252(i). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 On June 24, 1992, the district court accepted Montoya's April 27, 1992 petition for filing and issued a summons. The court informed Montoya that Fed.R.Civ.P. 4(c) required him to serve a copy of the petition and summons on the defendant and that if he could not afford it, he could apply to the court for an order directing the United States Marshal to effect service. On July 8, 1992, the court issued an order which, in part, required Montoya to promptly serve the petition and file proof of service. In the order, the court also warned Montoya that "failure to file proof will result in the action being dismissed pursuant to Local Rule 12."
 
 
 5
 The district court record contains no other entries until December 1, 1992, when the court dismissed his action sua sponte for lack of prosecution. The following day, the court received a letter from Montoya (1) inquiring as to the status of his case and requesting a copy of his docket sheet, (2) stating that Montoya had sent three previous letters to the court but had not received any response, and (3) requesting, if the case had been dismissed, that his letter be considered a notice of appeal. The court construed the letter as a notice of appeal.
 
 
 6
 On appeal, Montoya states that shortly after filing his petition, he was transferred from federal prison in Lompoc, California to a federal prison in Atlanta, Georgia. Attached to Montoya's brief is a photocopy of a letter sent to the district court informing them of his new address which bears a court "received" stamp on June 9, 1992, but which also indicates that it was returned at the same time (before Montoya's complaint had been accepted for filing on June 24, 1992). Montoya also attaches a declaration stating that on July 16, 1992, he served the complaint and summons on the INS. In support of this contention, Montoya has attached a copy of the certified mail receipt addressed to the INS, stamped July 22, 1992.[1] Montoya contends that copies of these materials were sent to the court. As proof, Montoya also submits a copy of a motion for default judgment purportedly sent to the court on September 12, 1992 and a letter inquiring as to the status of the motion purportedly sent on October 15, 1992. None of these documents, however, are contained in the district court record or are noted on the district court docket sheet.
 
 II
 Standard of Review
 
 7
 We review the district court's dismissal for failure to prosecute for an abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 III
 Analysis
 
 8
 "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case.' " Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). Pursuant to Local Rule 12 of the United States District Court for the Central District of California, "[c]ivil actions which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." In addition, Fed.R.Civ.P. 41(b) provides for the involuntary dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with ... any order of the court." Dismissal, however, is a harsh penalty and should only be imposed in extreme circumstances. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990).
 
 
 9
 In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831. The district court need not make explicit findings in order to show that it has considered these factors, and this court may review the record independently to determine if the district court abused its discretion. Ferdik, 963 F.2d at 1261; Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 10
 The district court did not specify whether its dismissal of Montoya's claim for failure to prosecute was pursuant to Rule 41(b) and its inherent authority to manage its docket or pursuant to Local Rule 12. See Fed.R.Civ.P. 41(b); Ferdik, 963 F.2d at 1260; Local Rule 12. Nevertheless, because the district court's previous order warned Montoya that failure to submit proof of service could result in the dismissal of his action under Local Rule 12, we will review the court's dismissal of Montoya's action as a dismissal under Local Rule 12.[2]
 
 
 11
 Local Rule 12 requires the clerk of the court to give the plaintiff "notice of a hearing to consider dismissals pursuant to Local Rule 12.1." See Local Rules 12.2.
 
 
 12
 Here, the district court initially warned Montoya that failure to promptly serve the INS and submit proof of service could result in dismissal pursuant to Local Rule 12. No notice of a hearing to consider dismissal pursuant to Local Rule 12.1, however, was given to Montoya as contemplated by Local Rule 12.2. Without this notice, Montoya remained unaware that the court had not received any of his purported submissions since his petition was filed. Given these circumstances, and the public policy favoring disposition of cases on their merits, the district court erred by not giving Montoya notice that it was considering dismissal of his petition under Local Rule 12 for failure to prosecute. See Local Rule 12.2; Thompson, 782 F.2d at 831. Accordingly, we vacate and remand to give Montoya an opportunity respond to the court's decision to consider dismissing the action for lack of prosecution pursuant to Local Rule 12.
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under Fed.R.Civ.P. 4(i), the summons and complaint must be served on the United States Attorney and the Attorney General as well as the agency being sued. Here, it appears that at most, Montoya served a copy of the summons and the complaint on the INS
 
 
 [2]
 Unlike a dismissal pursuant to Rule 41(b), dismissal under to Local Rule 12.1, unless otherwise provided, is without prejudice