69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cheriel JENSEN, Plaintiff-Appellant,
v.
COUNTY OF SANTA CLARA; Instar Pest Consultants, Inc.;
Applied Pest Management Inc.; Gregory Clark; et
al., Defendants-Appellees.
 Nos. 94-16063, 94-16824.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1995.
Decided Oct. 26, 1995.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cheriel Jensen worked as an Associate Planner for the County of Santa Clara from May 1977 through July 10, 1993.[1] The county hired Instar Pest Consultants, Inc., ("Instar") from 1983 to 1990 and Applied Pest Management, Inc., from 1990 to 1993 to provide pest control services for the building in which Jensen worked. On June 14, 1993, Jensen filed suit in Santa Clara County Superior Court against Instar, Applied Pest Management, Inc. and its representative, Gregory Clark (collectively, "APM"), the County, the County Board of Supervisors, five named individual supervisors, eight public employees, and the County's Workers' Compensation attorney, Finn (collectively, "county defendants"). Jensen sought damages for injuries allegedly due to pesticide exposure in the workplace.[2] Over Jensen's objections, defendants removed the action to federal court. The county defendants, Instar, and APM each moved separately to dismiss Jensen's complaint.[3]
 
 
 3
 In an order dated January 18, 1994, the district court dismissed with prejudice thirteen of the county defendants and seventeen of Jensen's causes of action. The district court dismissed with leave to amend five of Jensen's claims against the remaining county defendants. Jensen filed a First Amended Complaint on February 24, 1994. On April 28, 1994, the district court granted summary judgment and costs in favor of Instar, finding that Jensen's personal injury claims against Instar were time-barred by California's one-year statute of limitations. On June 7, 1994, Jensen filed a Second Amended Complaint against APM and a motion to remand to superior court. On June 16, 1994, the district court denied Jensen's motion for remand. On June 27, 1994, the district court entered an order dismissing Jensen's remaining claims from her First Amended Complaint against the county defendants. On September 19, 1994, the district court dismissed Jensen's Second Amended Complaint against APM and Clark pursuant to Fed.R.Civ.P. 41(b) for failure to comply with a court order.
 
 
 4
 Jensen now appeals the district court's dismissal of her claims against the county defendants, its grant of summary judgment in favor of Instar, its denial of her motion to remand, and its dismissal of her Second Amended Complaint against APM and Clark. She also argues that the district judge was unfairly biased against her. She seeks reinstatement of her claims and remand to the state court. Jensen's appeals have been consolidated. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part and reverse in part.
 
 
 5
 I. JENSEN'S CLAIMS AGAINST THE COUNTY DEFENDANTS
 
 
 6
 Jensen appeals the district court's dismissals of each of her causes of action and of every county defendant.
 
 A. Personal Injury
 
 7
 The district court dismissed with prejudice Jensen's claims of personal injury incurred in the scope of employment on the grounds that they were preempted by the California Workers' Compensation Act, Cal.Lab.Code Secs. 3200-6240.
 
 
 8
 We review dismissals for lack of subject matter jurisdiction de novo. Carpenter v. DOT, 13 F.3d 313, 314 (9th Cir.1994). The Workers' Compensation Act provides an exclusive remedy for an employee injured in the course of employment. Cal.Lab.Code Sec. 3600(a). The Act exempts cases where the employer fraudulently conceals the existence of both the injury and its cause. Id. Jensen has not alleged that the County fraudulently concealed the existence of the injury. Thus, the exception does not apply to her case, and the district court's ruling must stand.
 
 B. Claims Against Named Individuals
 
 9
 The district court dismissed on immunity grounds Jensen's claims against the five named members of the Board of Supervisors, the eight named public employees, and the County's Workers' Compensation attorney, Finn. We review the district court's decision regarding immunity of the county defendants de novo. See Harrison v. Hickel, 6 F.3d 1347, 1352 (9th Cir.1993).
 
 
 10
 The five named members of the County Board of Supervisors are not vicariously liable for injuries caused by acts or omissions of the Board. Cal. Gov't Code Sec. 820.9. The eight named public employees are immune from liability for actions taken within the scope of their employment. Id.[4] The communications between Finn and Jensen related to the adjudication of her Workers' Compensation claims are privileged and immune from tort liability. Cal.Civ.Code Sec. 47(b); Rubin v. Green, 4 Cal.4th 1187, 1193-94 (1993). Therefore, Finn is also exempt from liability. We affirm the district court rulings with respect to the immunity of the government defendants.
 
 C. Jensen's Sec. 1983 Claim
 
 11
 The district court dismissed Jensen's claims against the county defendants pursuant to 42 U.S.C. Sec. 1983 for failure to state a claim. We review that dismissal de novo. Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). The district court correctly determined that Jensen has not cited to any constitutional or statutory provision which has been violated. Her claimed freedoms to eat, work, read, embrace one's children, and be free from puzzling illness, while desirable, are not protected by any federal statutory or constitutional provision.
 
 D. The Americans with Disabilities Act
 
 12
 The district court found that Jensen could not file a claim under the Americans with Disabilities Act, 42 U.S.C. Secs. 12101-12213, ("ADA") because the ADA, which is not retroactive, took effect on July 26, 1992, and Jensen stopped work on July 1, 1992. We review the district court's application of the statutory provisions de novo. See Boone v. United States, 944 F.2d 1489, 1492 (9th Cir.1991). The ADA is not retroactive. Burfield v. Brown, Moore, Flint, Inc., 51 F.3d 583, 588 (5th Cir.1995); Raya v. Maryatt Industries, 829 F.2d 1169, 1174 (N.D.Cal.1993). Jensen stopped working prior to the ADA's effective date. Thus, we affirm the district court's finding.
 
 E. Standing
 
 13
 The district court found that Jensen lacked standing to sue for "misuse of authority" on behalf of the neighborhood children, her grandson, three opossums and five neighborhood cats who died, allegedly due to rat poisoning placed by agents of the County. It also found she lacked standing to sue for the County's alleged breach of her union's collective bargaining agreement. We review those determinations de novo. Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir.1994).
 
 
 14
 The district court was correct that Jensen lacks standing to sue on behalf of neighborhood animals that are not her property. It was also correct that she lacked standing to sue for the neighborhood children or her grandson since she was not their guardian ad litem. The district court was also correct that Jensen does not have standing as a union member to sue the County for an alleged breach of a collective bargaining agreement. See Cal. Gov't Code Sec. 3503.
 
 II. JENSEN'S CLAIMS AGAINST INSTAR
 
 15
 Instar ceased all pesticide consulting and application for the County in 1990. Jensen filed her complaint on June 14, 1993. Jensen argued that her claims were timely because she did not learn of the cause of her injury until June 12, 1992. The district court disagreed and dismissed Jensen's eighteen personal injury claims against Instar as time-barred by California's one-year statute of limitations for personal injury actions, Cal.Civ.Proc.Code Sec. 340(3).
 
 
 16
 Jensen raises numerous arguments on appeal to challenge the district court's dismissal of her claims against Instar. She argues, among other things, that her personal injury claims against Instar are not time-barred because she did not discover the cause of her injury until June 12, 1992, and that the district court did not address her claims against Instar for violation of the California Labor, Business & Professional, Food & Agriculture, and Health & Safety Codes, and 7 U.S.C. Sec. 136(i)-(j), all of which have statutes of limitations longer than one year.
 
 
 17
 We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The district court's dismissal on statute of limitations grounds is a mixed question of law and fact which we review for clear error. Rose v. United States, 905 F.2d 1257, 1259 (9th Cir.1990); Schultz v. Department of Army, 886 F.2d 1157, 1159 (9th Cir.1989).
 
 A. Date of Discovery
 
 18
 Jensen suffered increasingly severe symptoms from 1977 to 1992. During that period, Jensen claims that she suspected the pesticide Malathion, which was sprayed by the state of California in 1979 to prevent the spread of the medfly, as the cause of her injuries. In 1981, she brought a legal action against the State of California and a helicopter company as a result of the Malathion medfly spraying.[5]
 
 
 19
 On September 24, 1991, Jensen saw Dr. Ronald S. Greenwald, a neurologist. Dr. Greenwald wrote a letter dated September 30, 1991 to Jensen's referring physician which stated:
 
 
 20
 This is a 52-year-old, right-handed white female with a long history dating back ten years ago of being 'poisoned' with Malathion and lindane together. This was exposed to her skin for over 24 hours when they were spraying for the medfly outbreak ten years ago. She states that this was the beginning of her injury and accident.... She states that she has had many reactions to malathion....
 
 
 21
 Jensen claims that she did not suspect that her injuries were caused by Instar's spraying of the Safrotin in her workplace until June 12, 1992. On that date, Jensen observed APM agents spraying Safrotin at her office during work hours, and suffered acute physical symptoms. Upon discovering the cause of her symptoms, Jensen led an effort to evacuate the building.
 
 
 22
 The discovery rule tolls California's one year statute of limitations for personal injury actions until such time as the plaintiff is or should reasonably be aware of her injury and its negligent cause. Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1109 (1988). The limitations period begins when the plaintiff suspects, or should suspect, that she has been wronged. Id. at 1114. A plaintiff is held to actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her. Id. at 1109.
 
 
 23
 Prior to June 12, 1992, Jensen had no reason to suspect that Safrotin, a possible cause of her injuries, was being applied in her workplace. Until that date, when she acquired actual knowledge of the spraying, Jensen reasonably believed that her earlier Malathion exposure was the sole cause of her injuries. Dr. Greenwald's letter supported her hypothesis. We therefore find that the limitations period began to run on June 12, 1992, when Jensen first had reason to believe that pesticides sprayed in her workplace could be causing her injuries. Jensen's June 14, 1993 filing fell within the California's one-year statute of limitations for personal injury actions and is therefore timely. Accordingly, we reverse the district court's holding on this issue.[6]
 
 B. Statutory Causes of Action
 
 24
 Jensen does not have standing to sue under the statutory provisions she cites in her complaints. The California statute requiring a pest control company to notice the owner and tenant of the premises on which work is to be done does not apply to Jensen as an employee of the owner and tenant of the premises. See Cal.Bus. & Prof.Code Sec. 8538. The duties of an employer stipulated by California's Occupational Safety & Health law do not apply to employers who are governmental entities. Cal.Lab.Code Sec. 6434. Federal and state pest control regulations do not give Jensen a right to sue. See 7 U.S.C. Secs. 136-136y (Administrator of the Environmental Protection Agency has authority to enforce federal pesticide control regulations); Cal.Food & Agric.Code Sec. 11501.5 (director and commissioner of each county have authority to enforce regulations of pest control operations); California Health and Safety Code Sec. 25249.7(d) (individual may sue in public interest only after she has given notice to Attorney General and district attorney and they do not prosecute said violation).
 
 III. REMAND
 
 25
 Jensen's original complaint and her First Amended Complaint each contained federal causes of action for violations of 42 U.S.C. Sec. 1983 and the ADA. Jensen's Second Amended Complaint contained only state law causes of action. Despite the fact that the federal claims had dropped out of the suit, the district court retained jurisdiction and dismissed Jensen's Second Amended Complaint. Jensen appeals the district court's failure to remand this case back to superior court.[7]
 
 
 26
 We review de novo the district court's denial of Jensen's motion to remand. Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir.), cert. denied, 115 S.Ct. 351 (1994). We hold that the district court did not err by retaining jurisdiction over Jensen's remaining state law claims. A federal court may retain jurisdiction of pendent state law claims, even when the federal claims are dropped from the suit, when the district court determines that retaining jurisdiction "best serves the principles of economy, convenience, fairness and comity." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988). Jensen's federal causes of action dropped out at an advanced stage of this proceeding. See id. at 350 (when federal causes of action drop out early from an action, court may wish to exercise discretion to remand remaining state law claims). Moreover, the federal questions stemmed from the same nucleus of operative fact as did Jensen's numerous state law claims. The district court correctly determined that it best served the principles of judicial economy to retain jurisdiction over Jensen's pendent state law claims. See id. at 357.
 
 IV. JENSEN'S CLAIMS AGAINST APM
 
 27
 The district court order directed Jensen to file a Second Amended Complaint setting "forth the allegations contained in her Second and Third Claims only against Defendants Applied Pest Management, Inc. and Gregory Clark.[8] All other claims and defendants have been dismissed, and Plaintiff's Second Amended Complaint should so indicate." On May 4, 1994, Jensen filed a Second Amended Complaint without leave of the court. She moved for reconsideration on May 12, 1994. The district court entered an order striking Jensen's Second Amended Complaint on May 16, 1994. Jensen refiled her Second Amended Complaint with leave of court on June 7, 1994. On June 27, 1994, the district court denied her motion for reconsideration.
 
 
 28
 Jensen revised the caption of her complaint and deleted the paragraphs setting forth the causes of action that had been dismissed. However, Jensen realleged these dismissed causes of action in Paragraph XIII of her Second Amended Complaint as evidence of negligence. Paragraph XIII charges APM with reckless disregard for life, health and safety; lack of notice; deliberate concealment; aggravation of injury; and violations of the California Labor, Business & Professional, Food & Agriculture and Health & Safety Codes. In that paragraph, Jensen notes that "violation of statutes is cited here as evidence of negligence and not as legal action under the cited statutes."
 
 
 29
 The district court found that the Second Amended Complaint "contains all of her claims against all of the defendants which have been dismissed from this action." The court dismissed the complaint with prejudice pursuant to Fed.R.Civ.P. 41(b) for Jensen's failure to comply with a court order.
 
 
 30
 District courts have the power to dismiss claims with prejudice for failure to comply with an order of the court. Von Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir.1976). Dismissal is a severe remedy. District courts may impose this sanction only after weighing five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the litigants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 31
 We review for abuse of discretion the district court's dismissal of the action for failure to comply with a court order. Thompson, 782 F.2d at 832; Von Bronkhorst, 529 F.2d at 947-48. Because the district judge is in the best position to assess the circumstances, we give Judge Ware's determination that Jensen failed to comply with the order considerable weight on appeal. Von Bronkhorst, 529 F.2d at 947-48. However, we note that dismissal is a harsh sanction reserved for extreme circumstances. Thompson, 782 F.2d at 832.
 
 
 32
 We apply the five-factor test and conclude that Jensen's partial noncompliance does not merit dismissal of her Second Amended Complaint. The district court had an interest in the expeditious resolution of this litigation and a need to control its docket. Jensen, however, did not deliberately stall the proceedings and in fact attempted to conform her Second Amended Complaint to the court's order. Although she did not comply fully, Jensen, a pro se plaintiff,[9] did modify her complaint in a manner consistent with the order. Dismissal severely prejudiced Jensen and eliminated any chance she had to adjudicate her case on the merits. Moreover, the court had at its disposal the less drastic sanctions of striking Paragraph XIII from the Second Amended Complaint or ordering Jensen to file an additional amended complaint deleting the remaining nonconforming claims and defendants. We therefore hold that the district court abused its discretion by dismissing Jensen's Second Amended Complaint. We reverse the district court's dismissal of Jensen's Second Amended Complaint.
 
 V. BIAS OF THE DISTRICT COURT JUDGE
 
 33
 Jensen alleges for the first time on appeal that Judge Ware was biased against her because he was also assigned on a random basis to preside over Jensen's defamation suit against one of her doctors. Judge Ware remanded that suit to state court. Because Jensen failed to file an affidavit of judicial bias with Judge Ware during the pendency of the district court proceeding, we cannot address her claim of judicial bias. See 28 U.S.C. Sec. 144. Moreover, we find no merit in Jensen's arguments for recusal. See United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) (alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal).
 
 VI. CONCLUSION
 
 34
 The district court's dismissal of Jensen's personal injury
 
 
 35
 claims against Instar and its dismissal of Jensen's Second
 
 
 36
 Amended Complaint are REVERSED and REMANDED for proceedings
 
 
 37
 consistent with this memorandum disposition. All other
 
 
 38
 rulings of the district court are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Jensen was on sick leave and extended medical leave from July 1, 1992 through July 10, 1993. She is now retired and receives disability benefits
 
 
 [2]
 Jensen sued 19 named and 100 unnamed defendants. Jensen asserted twenty-two causes of action including negligence, personal injury, failure to warn, violation of the right to freedom under the California Constitution, denial of civil rights in violation of 42 U.S.C. Sec. 1983, retaliatory discharge, violation of the Americans with Disabilities Act, fraudulent concealment, breach of contract, and violation of various state statutes
 
 
 [3]
 The county defendants also moved unsuccessfully for Rule 11 sanctions against Jensen
 
 
 [4]
 Moreover, Jensen is time-barred from asserting personal injury claims against the county defendants as she filed suit outside the six-month statute of limitations. Cal. Gov't Code Sec. 911.2
 
 
 [5]
 The case was dismissed for lack of prosecution
 
 
 [6]
 We therefore need not reach Jensen's other arguments regarding the district court's dismissal of her personal injury claims against Instar
 
 
 [7]
 Jensen earlier asked the district court not to remand this case because she found the federal building an "easier facility" than the state courthouse in light of her claimed physical condition
 
 
 [8]
 These claims raised allegations of negligence per se, ultrahazardous activity, willful creation of dangerous condition of property, negligence and failure to warn as a tort
 
 
 [9]
 APM argues that Jensen's admission that she is not the "run of the mill plaintiff" because her brother is an attorney and because she has previous legislative experience weakens her claim for special treatment as a pro se plaintiff. We disagree. Jensen is not an attorney, and, despite her relation to an attorney, we should not treat her as such