70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michelle R. HERNANDEZ, Plaintiff-Appellant,
v.
CITY OF SAN CARLOS; Owen McQuigan; Clifford Gerst; Peter
Nannarone; James Miller; John Marshall; Richard
Cinfio, Defendants-Appellees.
 No. 94-17105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michelle R. Hernandez appeals the district court's denial of her Fed.R.Civ.P. 59(e) motion to vacate the order dismissing her action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. Secs. 1981, 1983 and 1985, and state law, for failure to comply with a district court order pursuant to Fed.R.Civ.P. 41(b). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 * Background
 
 
 4
 On February 1, 1994, Hernandez filed a complaint and request to proceed in forma pauperis ("IFP") in district court. In an order dated June 1, 1994, the district court denied Hernandez's request for IFP status for failure to disclose adequate financial information and ordered Hernandez to either resubmit her request or pay the filing fee by June 27, 1994. The order warned Hernandez that failure to comply would result in dismissal. Hernandez neither resubmitted her application nor payed her filing fee by June 27, 1994, and in an order dated June 29, 1994, the district court dismissed her action. On July 11, 1994, Hernandez filed a timely Fed.R.Civ.P. 59(e) motion for reconsideration, contending that neither she nor her counsel ever received the June 1, 1994 order. The district court denied the motion and Hernandez timely appeals.
 
 II
 Argument
 
 5
 Hernandez contends that the district court abused its discretion by dismissing her action for failure to comply with the June 1, 1994 order because neither she nor her counsel received a copy of the order. This contention has merit.
 
 
 6
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Id. The factors to be weighed before dismissal include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986). Furthermore, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (quoting Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986)).
 
 
 7
 Here, the district court concluded, as a threshold matter, that Hernandez had received a copy of the June 1, 1994 order since a letter mailed with a proper address creates a rebuttable presumption of receipt.[1] The record, however, reveals two district court documents containing an incorrect address for Hernandez, and evidence that the district court sent at least one document to the incorrect address. Accordingly, the district court's presumption that Hernandez received a copy of the June 1, 1994 order was erroneous.
 
 
 8
 Turning now to the relevant factors, we agree with the district court that its need to manage its docket favored dismissal, see Thompson, 782 F.2d at 831, and that the policy favoring disposition of cases on their merits weighed against dismissal, see id. Because, however, the three remaining factors also weigh against dismissal, we reverse and remand.
 
 
 9
 First, the district court ruled that the expeditious resolution of litigation weighed in favor of dismissal because Hernandez had not been diligent in prosecuting her case and had not served the defendants within 120 days. We disagree. During the four months it took the district court to rule on Hernandez's IFP request, Hernandez promptly responded to the court's request that she provide the court with another copy of her IFP letter because the original was missing, and twice checked on the status of her claim with the clerk's office. In addition, the record reveals that Hernandez attempted to serve the defendants, but that the clerk's office refused to issue the summons because the district court had not ruled on Hernandez IFP status.
 
 
 10
 The risk of prejudice also weighs against dismissal as Hernandez is now barred from any subsequent attempt to refile her action by the statute of limitations. Finally, the district court held that less drastic sanctions had been considered because Hernandez had been warned of the possibility of dismissal in the June 1, 1994 order. Because we conclude that Hernandez did not receive the June 1, 1994 order, the final factor weighs against dismissal. See Ferdik, 963 F.2d at 1262.
 
 
 11
 Accordingly, the district court erred in dismissing Hernandez's action. See id. at 1260-61.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court held that Hernandez's attorneys' signed, but unsworn, declarations denying receipt were insufficient to overcome this presumption