116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth B. QUANSAH, Jr., Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, IBM Employment
Department, Sal Chavez, Stephen Redmond, Jay Humes
and Ron Wellwood, Defendants-Appellees.
 No. 96-15515.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 9, 1997.
 
 BJ1 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth B. Quansah Jr. appeals pro se the district court's dismissal of his action brought pursuant to Title VII, 42 U.S.C. § 2000e; 42 U.S.C. §§ 1981 and 1983, and several state law claims. The district court dismissed Quansah's complaint for failure to prosecute and failure to comply with a court order. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We construe the district court's dismissal as a dismissal pursuant to Fed.R.Civ.P. 41(b) and we review for abuse of discretion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992). The district court may dismiss an action if the plaintiff fails to prosecute his case, fails to comply with the applicable rules of procedure, or fails to abide by a court order. See Fed.R.Civ.P. 41(b).
 
 
 4
 A dismissal under Rule 41(b) will not be disturbed unless there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (internal quotations omitted) The relevant factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). If the district court did not make specific findings to show that it considered the relevant factors, we will review the record independently to determine whether the court abused its discretion. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992).
 
 
 5
 Based upon our review of the dismissal factors, we conclude that the district court did not abuse its discretion by dismissing Quansah's action for failure to prosecute. See Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir.1987). Although public policy favors disposition on the merits, the remaining factors weigh in favor of dismissal. See id. at 133 n. 2.
 
 
 6
 First, IBM did show prejudice because Quansah's non-appearances impaired its ability to proceed to trial. See id. at 131. Next, both the public's interest in expeditious resolution of litigation, as well as the court's need to manage its docket weigh in favor of dismissal. See Ferdik, 963 F.2d at 1261; Malone, 833 F.2d at 131. After the district court granted IBM's motion to dismiss all of Quansah's claims except for his Title VII claim, Quansah appealed from that order. This court dismissed for lack of jurisdiction because it was not a final appealable order. Subsequently, Quansah failed to appear for a status conference and for his deposition. When Quansah ultimately did appear for a hearing, he stated that he was not interested in pursuing this case at the district court level.
 
 
 7
 Finally, the district court considered less drastic sanctions. See Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132. After Quansah's failure to appear, the district court issued an order to show cause why the case should not be dismissed based upon his nonappearance at the status conference and failure to participate in the preparation of the joint case management statement. Thereafter, the district court entered its order dismissing Quansah's complaint without prejudice, but providing that Quansah could set aside the dismissal by paying $1,000.00 to IBM.[1]
 
 
 8
 Accordingly, the district court did not abuse its discretion by dismissing Quansah's action for failure to prosecute. See Malone, 833 F.2d at 132-33.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3. R. 34-4
 
 
 [1]
 This figure represents expenses which IBM incurred as a result of Quansah's lack of diligence in prosecuting the case. Given Quansah's non-appearances as well as his stated intention that he did not wish to pursue this case further in district court, we cannot say that the district court abused its discretion by imposing this condition on reinstatement of the case. See Ferdik, 963 F.2d at 1260 (noting that district courts have inherent power to control their dockets)