**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL W. FAERFERS; et al., | No. 08-16339 |
| Plaintiffs - Appellants, | D.C. No. 2:04-cv-02690-MCE-EFB |
| v. | |
| CAVIAR CREATOR, INC. - OREGON, an Oregon corporation; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted October 9, 2009
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and CARNEY,[**] District Judge.

Daniel and Katja Faerfers ("the Faerfers") appeal the district court's

judgment dismissing their complaint against Caviar Creator International, Inc.

("CCI") and striking their answer to CCI's counterclaim. They also challenge the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

district court excluding them from the damages prove-up hearing on CCI's counterclaim. The Faerfers argue that the district court abused its discretion in granting CCI's motion for terminating sanctions, which resulted in the dismissal with prejudice of the Faerfers' complaint and the striking of their answer to CCI's counterclaim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's findings of fact in connection with a motion for sanctions under the clearly erroneous standard, *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985), and the dismissal of a case with prejudice as a sanction for abuse of discretion. *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (citing *Thompson v. Hous. Auth.*, 782 F.2d 829, 832 (9th Cir. 1986). We reverse and remand.

The district court abused its discretion when it granted terminating sanctions. Prior to dismissing a complaint or striking an answer for failure to comply with a court order, the district court must weigh five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone*, 833 F.2d at 130 (quoting *Thompson*, 782 F.2d at 831). "We may affirm a dismissal where at least four factors support dismissal, or where at least three

-2-

factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). At issue here is whether the district court properly considered factors three and five, the risk of prejudice to CCI and the availability of less drastic sanctions.

Prejudice

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Due process requires this nexus between the misconduct being sanctioned and the matters in controversy. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983)).

The merits of the dispute between the parties centered on whether the Faerfers or CCI first breached the 2004 settlement agreement. The location of the shares was potential evidence of breach and a sought after remedy, but ultimately did not interfere with the resolution of the underlying dispute. Indeed, CCI was initially willing to proceed to trial in May 2007, even though the shares were in the hands of the Faerfers. Under these circumstances, as counsel for CCI

-3-

acknowledged at argument, CCI was not prejudiced by the Faerfers' failure to transfer the shares.

Lesser Sanctions

In determining whether the district court considered the availability of lesser sanctions, we consider:

> (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

*Malone*. 833 F.2d at 132. Factor three is not dispositive in this case because CCI filed a motion for terminating sanctions under Rule 41(b). *In re Eisen*, 31 F.3d 1447, 1455 (9th Cir. 1994). The district court did not, however, explicitly discuss the feasibility of lesser sanctions or implement lesser sanctions prior to striking the Faerfers' complaint and answer, and thus failed to comply with factors one or two.

The district court appears to have erroneously considered the monetary sanction imposed on the Faerfers for postponement of the trial as a prior sanction for related conduct. To rely on an earlier sanction to justify a later terminating sanction, the sanctioned misconduct must be of the same variety, such that the prior sanction gave clear notice that the failure to comply with a court order could

-4-

result in a dismissal of the complaint. *United States v. Nat'l Med. Enters.*, 792 F.2d 906, 913 (9th Cir. 1986). Here, although the shares were involved in both incidents, the earlier misconduct was failure to disclose information that resulted in a continuance of the trial, while the alleged later misconduct was failure to comply with a court order. The district court may not use earlier incidents of misconduct "as a fulcrum to elevate the final incident of misconduct to a level that would allow dismissal of the action with prejudice" when the final incident was "a different kind of misconduct." *Id.*

Because CCI suffered no prejudice and the district court did consider the availability of lesser sanctions, the district court abused its discretion in imposing terminating sanctions. We therefore reverse the district court's order striking the Faerfers' complaint and answer to CCI's counterclaim, and we remand the case for trial.

Finally, because there is no longer a prevailing party, we vacate the award of attorneys' fees and costs. However, because the award of monetary sanctions for the continuance of the trial was included as part of the overall attorneys' fees award, on remand the district court may enter a separate order fixing the amount of such sanction.

REVERSED and REMANDED.