**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VF ELECTRIC, INC.; LEWIS BARBE, a
single man,

          Plaintiffs - Appellants,

  v.

GTE CORPORATION,

          Defendant - Appellee,

  and

GTE/SYLVANIA CORPORATION;
CHALLENGER CORPORATION;
TINICUM HOLDINGS; VERIZON
COMMUNICATIONS, INC.,

          Defendants.

No. 11-16508

D.C. No. 2:09-cv-01007-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

---

     [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted January 17, 2013[]
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

VF Electric, Inc. appeals from the district court's Order and Opinion dismissing its third amended complaint and action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). We review a district court's "dismissal for failure to comply with a court order under [Federal Rule of Civil Procedure] 41(b) . . . for abuse of discretion." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). We will only reverse a district court's decision as an abuse of discretion where we "determine de novo [that] the trial court identified the [in]correct legal rule to apply," or "determine [that] the trial court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

We review the district court's findings of fact, made in connection with a determination that a party failed to comply with an order, for clear error. *See United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 911 (9th Cir. 1986). "A district judge's determination that an order was not complied with is entitled to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

considerable weight because the district judge is best equipped to assess the circumstances of the noncompliance." *Id.* (citing *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947 (9th Cir. 1976)).  The facts are known to the parties.  We affirm.

"District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  Dismissal is a harsh penalty, however, so a district court must only employ this measure in "extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  As such, this court has only allowed for the imposition of a dismissal for failure to comply with pretrial orders:

> after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

*Thompson*, 782 F.2d at 831; *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Ferdik*, 963 F.2d at 1260–61.

VF Electric's third amended complaint violated the district court's order. The district court identified the proper legal standard and its application of that standard was not illogical, implausible, or without support from the facts in the record. On the contrary, as the district court noted, this case was inflicted with a tortuous procedural history—lasting just over two years—that did not result in a complaint that complied with the district court's orders. From the beginning, at every turn, VF Electric failed to comply with the district court's orders, completely disregarding the district court's numerous, clear words of caution. Most poignantly, VF Electric disregarded the district court's specific warning that it would dismiss the case if VF Electric filed a third amended complaint that exceeded the limited, narrowly defined changes permitted by the district court's order. VF Electric dared to challenge the district court again. While dismissal under Federal Rule of Civil Procedure 41(b) is reserved for extreme circumstances, the district court did not abuse its discretion by weighing the relevant factors and concluding that VF Electric's actions warranted dismissal. At some point, a district court's threats must be enforced; if not, they would be rendered incredible and the district courts would lose their inherent power to control their dockets. VF Electric traversed that line in the sand.

AFFIRMED.