**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID KHAN, | No. 20-15202 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05548-RS |
| v. | |
| JUSTIN ROGERS, Sergeant; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| PINOLE POLICE DEPARTMENT, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

David Khan appeals pro se from the district court's judgment dismissing as a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discovery sanction and for failure to comply with court orders his 42 U.S.C. § 1983 action alleging false arrest and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ingenco Holdings, LLC v. Ace Am. Ins Co.*, 921 F.3d 803, 821 (9th Cir. 2019) (dismissal as a discovery sanction under Federal Rule of Civil Procedure 37); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (dismissal for failure to comply with a court order under Federal Rule of Civil Procedure 41). We affirm.

The district court did not abuse its discretion by dismissing Khan's action because Khan exhibited a pattern of noncompliance with court orders and engaged in disruptive and evasive conduct at two depositions. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth factors for determining whether an action should be dismissed as a sanction for failure to comply with a court order); *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Khan's motion to transmit exhibit (Docket No. 12) is denied.

**AFFIRMED.**